UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO TOWNSEND,

        Petitioner,

                                                Case No. 13-14187

v.                                           Honorable Patrick J. Duggan

BONITA HOFFNER,

        Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING (ECF No. 3), TO COMPEL COMPLIANCE WITH A SUBPOENA (ECF No. 12), AND FOR APPOINTMENT OF COUNSEL (ECF No. 14) AND GRANTING RESPONDENT'S MOTION TO QUASH SUBPOENA AND FOR IMMEDIATE CONSIDERATION (ECF No. 9)</u>**

Petitioner Lorenzo Townsend, a Michigan state prisoner currently confined at the Lakewater Correctional Facility in Coldwater, Michigan, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 1, 2013 challenging the legality of his detention. (ECF No. 1.) Petitioner was convicted of two counts of first-degree criminal sexual conduct, in violation of Michigan Compiled Laws § 750.520b(1)(a), following a jury trial in the Genesee County Circuit Court. He subsequently pleaded guilty to being a second habitual offender, as set forth in Michigan Compiled Laws § 769.10. In 1994, as a result of these convictions, the state court sentenced Petitioner to prison for a term of forty to sixty years. In his habeas pleadings, Petitioner raises claims concerning the state

court's jurisdiction, the effectiveness of counsel, and his actual innocence. Respondent has not yet answered the petition or filed the state court record and these materials are not due until April 29, 2014. (ECF No. 5.)

The matter is currently before the Court on Petitioner's motions for an evidentiary hearing (ECF No. 3), to compel compliance with a subpoena (ECF No. 12), and for the appointment of counsel (ECF No. 14), as well as Respondent's motion to quash a subpoena that Petitioner served upon the Genesee County prosecutor and for immediate consideration (ECF No. 9). For the reasons stated herein, the Court denies Petitioner's motions and grants Respondent's motion.

## I.   DISCUSSION

### A.   Motions Regarding the Subpoena

Petitioner seeks to compel compliance with a subpoena that he caused to be served upon the Genesee County prosecutor in which he requested the production of certain materials from his state-court criminal proceedings, including the victim's sworn testimony or affidavit, other witnesses' testimony or affidavits, the warrant request and disposition form, the recommendation for warrant, the affidavit of felony warrant return, and any medical or police reports. Respondent, on the other hand, seeks to quash the subpoena, arguing that Petitioner does not have an automatic right to discovery and that even if such a right existed, the

subpoena is premature because the State has more than two months to answer the petition. Respondent's position is the correct one.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 (1997). Rather, a habeas petitioner hoping to benefit from the discovery procedures set forth in the Federal Rules of Civil Procedure must first demonstrate good cause. Rule 6(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. In *Bracy*, the Supreme Court of the United States reiterated that "good cause" is provided by the presentation of "specific allegations before the court show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" 520 U.S. at 908-09, 117 S. Ct. at 1799 (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S. Ct. 1082, 1091 (1969)) (explaining that the Advisory Committee's Note on Habeas Corpus Rule 6 specifically provided that Habeas Rule 6 should be interpreted "consistently" with *Harris*) (citation omitted). In this case, Petitioner's conclusory allegations regarding his purported need for the documents he seeks are insufficient to discharge his burden of demonstrating an entitlement to discovery. Petitioner has not shown that the information he seeks is necessary for the disposition of this habeas action or that good cause warrants discovery of the requested materials.

A second reason justifying the denial of Petitioner's motion to compel compliance is that Respondent has not yet responded to Petitioner's habeas petition. Under the federal rules governing habeas corpus proceedings, Respondent is required to submit all transcripts and other documents relevant to the determination of the habeas petition at the time the answer is filed. Rule 5 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Further, pursuant to Habeas Corpus Rule 7, the Court "may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7 of Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Accordingly, if the materials Petitioner seeks are not submitted along with the Rule 5 materials, the Court will have the opportunity to determine whether the materials sought are pertinent to Petitioner's claims when it reviews the underlying petition.

For these reasons, the Court denies Petitioner's Motion to Compel Compliance and grants Respondent's Motion to Quash as well as Respondent's request for immediate consideration.

**B.    Motion for an Evidentiary Hearing**

Petitioner requests an evidentiary hearing on his claim concerning the state trial court's jurisdiction and his Fourth Amendment rights. Petitioner asserts that there is no evidence of a crime ever transpiring and further asserts that there are no

affidavits or warrants supporting a probable cause determination. In short, Petitioner believes that he was falsely arrested for a non-existent crime.

Looking beyond the fact that Fourth Amendment claims are generally not cognizable on federal habeas review, *see Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037 (1976), Petitioner's request for an evidentiary hearing is premature at this juncture. Habeas Rule 8(a), which governs evidentiary hearings in § 2254 cases, provides, that if a habeas petition is not dismissed prior to the filing of an answer by Respondent, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

Although Petitioner filed his habeas petition with this Court on October 1, 2013, Respondent has not yet filed an answer to the petition or the Rule 5 materials (the records from the state-court proceedings). As previously mentioned, the Court has ordered that Respondent file these documents no later than April 29, 2014. Because the language of Rule 8(a) makes it clear that the determination of whether or not to hold an evidentiary hearing must be done after a court has the chance to review the answer and attendant Rule 5 materials, Petitioner's request for an

evidentiary hearing comes too soon.[1]  As such, the Court denies Petitioner's motion for an evidentiary hearing.[2]

**C.     Motion for Appointment of Counsel**

On February 13, 2014, Petitioner filed a motion seeking the appointment of counsel.  Petitioner presents several arguments in support of his request for counsel, including his indigent status, the complexity of the issues involved in his case, his limited legal knowledge, his limited access to legal materials, and his general inability to participate in the discovery process.

While mindful of the difficulties of proceeding *pro se* in a habeas corpus action the Court notes that Petitioner has no absolute right to be represented by counsel on federal habeas corpus review.  *Abdur- Rahman v. Mich. Dept. of Corrs.*, 65 F.3d 489, 492 (6th Cir. 1995); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) ("The decision to appoint counsel for a federal habeas petitioner . . . is required only where the interests of justice or due process so require.") (citations omitted).  While Habeas Rules 6 (regarding discovery) and 8 (regarding

---

[1] To the extent that Petitioner's request for an evidentiary hearing is being made in connection with claims adjudicated on the merits by the state courts, the Court notes that while sitting in federal habeas review, it may only consider the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. __, 131 S. Ct. 1388, 1398 (2011).

[2] Should the Court ultimately determine that the record be expanded pursuant to Habeas Rule 7, the Court will make a determination regarding whether or not to hold an evidentiary hearing.

evidentiary hearings) both provide instruction to courts regarding the appointment of counsel, these rules have not yet come into operation as the Court has already denied Petitioner's requests for discovery and an evidentiary hearing. Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Because neither discovery nor an evidentiary hearing is necessary at this time, the Court is unable to conclude that the interests of justice require the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). Moreover, although there is some authority for the proposition that "[c]ounsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action[]" even in the absence of discovery or an evidentiary hearing, *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) (citing *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998)), such exceptional circumstances have not been shown to exist in this case. Therefore, the Court denies Petitioner's request for the appointment of counsel.

## II. CONCLUSION AND ORDER

For the reasons set forth above, the Court **DENIES** Petitioner's motions for an evidentiary hearing (ECF No. 3), to compel compliance with a subpoena (ECF No. 12), and for appointment of counsel (ECF No. 14), and **GRANTS** Respondent's motion to quash the subpoena and for immediate consideration (ECF No. 9). Should the Court determine, upon further review of this case, that an evidentiary hearing, supplementation of the existing record, or the appointment of

counsel is required for the proper resolution of this matter, it will enter an appropriate order. As such, neither Petitioner nor Respondent needs to file additional motions as to such matters.

**IT IS SO ORDERED.**

Dated: March 3, 2014

                         s/PATRICK J. DUGGAN
                         UNITED STATES DISTRICT JUDGE

Copies to:

**Lorenzo Townsend, #** 201112
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

**John S. Pallas, A.A.G.**
**Laura Moody, A.A.G.**