UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO TOWNSEND,

       Petitioner,

                            CASE NO. 2:13-CV-14187
v.                           HONORABLE PATRICK J. DUGGAN

BONITA HOFFNER,

       Respondent.
_____/

**OPINION AND ORDER GRANTING (1) RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PETITIONER'S WRIT FOR HABEAS CORPUS, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Michigan prisoner Lorenzo Townsend ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal convictions and sentences. Petitioner was convicted of two counts of first-degree criminal sexual conduct (victim less than thirteen years old) following a jury trial in the Genesee County Circuit Court and was sentenced as a second habitual offender to concurrent terms of forty to sixty years of imprisonment in 1994. In his petition, he raises claims concerning the state court's probable cause determination and jurisdiction, the effectiveness of defense counsel, and his innocence.

The matter is before the Court on Respondent's motion for summary judgment, which seeks dismissal of the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions. For the reasons set forth herein, the Court finds that the petition is untimely, grants Respondent's motion for summary judgment, and dismisses the petition with prejudice. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## I. Factual and Procedural History

Petitioner's convictions arise from his sexual assault of an eleven-year-old girl. Following a jury trial and the court's imposition of a sentence, Petitioner filed an appeal as of right with the Michigan Court of Appeals. The court affirmed his convictions and sentences. *People v. Townsend*, No. 182313, 1996 WL 33348844 (Mich. Ct. App. Nov. 12, 1996) (per curiam) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied on November 25, 1997. *People v. Townsend*, 456 Mich. 895, 572 N.W.2d 7 (1997).

On November 23, 1998, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on March 25, 1999. *See* Dkt., Genesee Co. Cir Ct. No. 94-050843-FC. Petitioner did not appeal that decision.

On February 10, 2003, Petitioner filed a second motion for relief from judgment with the state trial court, which was denied on October 29, 2003. *Id.* As with the first

motion for relief from judgment, Petitioner did not appeal.

On September 3, 2008, Petitioner filed a request for judicial notice with the state trial court, which the court treated as a third motion for relief from judgment and denied. *Id.* Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied pursuant to Michigan Court Rule 6.502(G)(1). *People v. Townsend*, No. 288453 (Mich. Ct. App. Jan. 7, 2009) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Townsend*, 485 Mich. 862, 771 N.W.2d 767 (2009). The Michigan Supreme Court subsequently denied Petitioner's request for reconsideration. *People v. Townsend*, 485 Mich. 1013, 775 N.W.2d 758 (2009).[1]

Petitioner dated his federal habeas petition September 24, 2013.[2] Respondent

---

[1] It appears from the documents attached to the petition and the motion for summary judgment that Petitioner has filed additional civil actions and motions in the state courts since 2009 in an effort to challenge his convictions. Those efforts have been unsuccessful to date. In any event, such proceedings do not toll the one-year limitations period given that it had already expired. *See* discussion, *infra*.

[2] Under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 n.2 (E.D. Mich. 1999). Absent evidence to the contrary, federal courts employ a presumption that a prisoner gives his habeas petition to prison officials on the date the petition is signed. *Id.*; *see also Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 1999) ("A pro se prisoner's papers are considered filed when they are handed over to prison officials

filed the instant motion for summary judgment on April 10, 2014. Petitioner filed a response to the motion on May 19, 2014.

## II.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court assessing the appropriateness of summary judgment asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)). To defeat a summary judgment motion, "the non-moving party must set forth specific facts sufficient to show that a reasonable fact-finder could return a verdict in his favor." *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The summary judgment rule applies to habeas actions. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003); Rule 12 of the Rules Governing Section

---

for forwarding to the court.") (collecting cases).  Although not placed on the Court's docket until October 1, 2013, the Court will assume that Petitioner actually filed his habeas petition on September 24, 2013, the date on which he signed and dated the petition. *Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

2254 Cases, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

### III. Discussion

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, because Petitioner's habeas petition was filed after the April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In the absence of statutory or equitable tolling, a habeas petition filed outside the time period prescribed by § 2244(d)(1) must be dismissed. *See, e.g.*, *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed thirteen days after the limitations period expired).

### A.

In this case, the Michigan Supreme Court denied leave to appeal on direct review on November 25, 1997. Petitioner then had ninety days in which to file a petition for a writ of certiorari with the Supreme Court of the United States. *See* Rule 13(1), Supreme Court Rules; *Jimenez v. Quarterman*, 555 U.S. 113, 119-20, 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"). Because Petitioner did not file such a petition, his convictions became final and the one-year limitations period commenced when the ninety day period expired on February 23, 1998.

Petitioner filed his first motion for relief from judgment on November 23, 1998. At that point, 273 days (approximately nine months) of the one-year period

had run. Because the one-year period excludes any time during which a properly filed application for state post-conviction or collateral review is pending, 28 U.S.C. § 2244(d)(2), the limitations period was tolled from November 23, 1998 until the trial court denied his motion on March 25, 1999. Since Petitioner did not appeal that decision, his post-conviction motion was no longer pending. As a result, the one-year period resumed running the next day and expired ninety-two days (roughly three months) later on June 25, 1999.

Petitioner's subsequent state court motions for relief from judgment filed in 2003 and 2008 (and other state actions filed after those dates) did not toll the limitations period because the one-year period had already expired. A motion for relief from judgment filed after the limitations period has lapsed "does not reset the date from which the one-year statute of limitations begins to run." *Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2002). A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Petitioner did not date his § 2254 petition until September 24, 2013 – well after the one year period set forth in § 2244(d)(1)(A) had expired. His petition is

therefore untimely unless different provision applies.

Petitioner does not assert that his claims are based upon newly-enacted retroactively-applicable rights or newly-discovered evidence such that the AEDPA's one-year limitations period commenced after the February 23, 1998 date set forth above. 28 U.S.C. § 2244(d)(1)(C)-(D). However, Petitioner does assert that the State created an impediment to the filing of his habeas petition because the state trial court or other entities denied multiple requests for transcripts and other documents related to his criminal proceedings. 28 U.S.C. § 2244(d)(1)(B). This assertion, however, does not establish that state action in fact created an impediment to the timely filing of Petitioner's habeas application.

As an initial matter, it is well-settled that a prisoner has no constitutional right to transcripts on collateral review of a conviction. *United States v. MacCollom*, 426 U.S. 317, 323-24, 96 S. Ct. 2086, 2090-91 (1976). Further, because the possession of a transcript and other documents is not a condition precedent to the filing of a federal habeas relief, the State cannot be said to have created an impediment to Petitioner's ability to timely file for such relief. Although undoubtedly helpful to habeas petitioners seeking to support their arguments with record evidence, the Rules Governing Section 2254 Cases contemplate that some petitioners will at times have to file their petitions without access to the state-court

record. Rule 5(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (providing that respondents must furnish portions of state-court transcripts they deem relevant and further providing obligation to provide additional transcripts upon a judge's request); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011); *cf. Grayson v. Grayson*, 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002) (explaining that possession of a transcript is not a condition precedent to the filing of state post-conviction relief and that a state's purported failure to provide requested transcripts to a petitioner neither impeded petitioner's ability to seek state post-conviction relief nor his ability to timely file his federal habeas application) (citation omitted).

That Petitioner was able to file three state court motions for relief from judgment and his current habeas petition despite his alleged inability to obtain the documents provides additional evidence that the State did not create an unlawful impediment to the filing of his habeas application. *Grayson*, 185 F. Supp. 2d at 752. Accordingly, Petitioner is unable to avail himself of the statutory accrual date delineated in § 2244(d)(1)(B). Absent equitable tolling, then, Petitioner's habeas application is untimely.

## B.

The AEDPA's one-year statute of limitations is not jurisdictional in nature

and is therefore "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560 (2010) A petitioner is entitled to equitable tolling only upon a showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A habeas petitioner may also benefit from equitable tolling if he or she has a credible claim of actual innocence. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).

The lack of a transcript itself is not a circumstance which justifies the tolling of AEDPA's limitations period. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson*, 185 F. Supp. 2d at 751-52 ("Lack of access to a trial transcript does not preclude a habeas petitioner from commencing post-conviction proceedings and

10

therefore does not warrant the equitable tolling of the limitations period for filing a petition for writ of habeas corpus.") (citations omitted). Petitioner has not explained how his inability to obtain transcripts or other materials prevented him from timely seeking habeas review. Petitioner could have filed a state post-conviction motion (or federal habeas petition) within the one-year period and then sought production of the transcripts or other materials relevant to his claims.[3] Rather, because he ultimately filed his petition (as well as several motions for post-conviction relief in the state court) without the requested materials, his failure to file a timely habeas petition "seems more the consequence of a lack of diligence than of 'circumstances beyond [his] control.'" *Hall*, 662 F.3d at 751 (quotation omitted) (alteration in original).

In light of the foregoing, Petitioner's requests for transcripts, police or medical records, and other legal materials do not operate to toll the one-year period, nor does the State's alleged delay in producing the requested documents. *See, e.g., id.* at 750-51; *Lloyd v. VanNatta*, 296 F.3d 630, 633-34 (7th Cir. 2002); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (noting that a prisoner has the

---

[3]Similar to Rule 5 of the Rules Governing Section 2254 Cases, *see supra*, the Michigan Court Rules permit a defendant seeking post-conviction relief to attach evidence in support of the requested relief but do not require it. In fact, Michigan Court Rule 6.504(B)(1) expressly provides that "[t]he court may request that the prosecutor provide copies of transcripts, briefs, or other records."

11

option of filing a timely petition and then seeking discovery and amending the petition); *Williams v. Vasbinder*, No. 05-74371, 2006 WL 2123908, at *4 (E.D. Mich. 2006) (denying such tolling); *cf. Diaz v. Milyard*, 314 F. App'x 146, 148 (10th Cir. 2009) (petitioner not entitled to equitable tolling based on lack of court records and transcripts where he did not request records until four years after limitations period began to run).

Additionally, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling. *See, e.g.*, *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (explaining that an inmate's lack of legal training, poor education, or even his illiteracy likewise does not give a federal court a reason to toll the AEDPA's limitations period); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Petitioner's contention that his habeas claims have merit also does not justify tolling the limitations period. *Holloway*, 166 F.

Supp. 2d at 1191. Petitioner fails to establish that he is entitled to equitable tolling under the provisions set forth in *Holland*.

Petitioner's invocation of actual innocence as a basis for tolling the limitations period is equally unavailing. A petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321, 115 S. Ct. at 864).

Petitioner makes no such showing. Nothing in his pleadings establishes that he is actually innocent of the offenses. His own self-serving, conclusory assertions

of innocence are insufficient to support an actual innocence claim. "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner fails to demonstrate that he is entitled to equitable tolling of the one-year period pursuant to the actual innocence exception set forth in *McQuiggin*. Accordingly, his habeas petition is untimely and must be dismissed.

### IV. Conclusion, Certificate of Appealability, and Order

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his federal habeas petition within the one-year period established by 28 U.S.C. § 2244(d), that he is not entitled to statutory or equitable tolling of the one-year period, and that the statute of limitations precludes federal review of the merits of his petition.[4]

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

---

[4] As a result of this determination, the Court need not revisit its March 3, 2014 Opinion and Order provisionally denying Petitioner's motions for an evidentiary hearing and for the appointment of counsel. (ECF Nos. 3, 14.)

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). Reasonable jurists would not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DECLINES TO ISSUE** a certificate of appealability.

Lastly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Date: July 1, 2014

                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT JUDGE

Copies to:

**Lorenzo Townsend**, #201112
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

**David H. Goodkin, A.A.G.**

**John S. Pallas, A.A.G.**
**Laura Moody, A.A.G.**

16